UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Case No: 22-CR-10 (RCL) |
| GREGORY RICHARD PURDY, JR.,<br>MATTHEW PURDY, and<br>ROBERT TURNER, | |
| Defendants. | |

## PROPOSED JURY INSTRUCTIONS

The United States of America provided proposed jury instructions to the Defendants. Defendants have provided input on the proposed jury instructions, but the parties have not reached agreement on all provisions. However, to meet the Court's Scheduling Order, the parties submit the attached Proposed Jury Instructions.

With respect to the Jury Instructions for Count One, Obstructing Officers During a Civil Disorder; Count Two, Assaulting, Resisting or Impeding Officers; Count Three, Obstruction of an Official Proceeding; and Count Six, Engaging in an Act of Physical Violence in a Restricted Building or Grounds; the parties have not reached an agreement. The United States has proposed Jury Instructions, which are shown in non-italicized text. The Defendants have made alternative proposals, which are presented in *italicized* text.

All of the instructions are from Criminal Jury Instructions for the District of Columbia (Fifth Edition, 2021 Release) (the "Redbook"), unless otherwise noted. The parties respectfully request leave of Court to submit supplemental proposed jury instructions as may be necessary to conform to the evidence introduced at trial.

For the United States:

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481 052

/s/      Lynnett M. Wagner
Lynnett M. Wagner NE
NE Bar No. 21606
Kyle McWaters
D.C. Bar No. 481052
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20001
(402) 661-3700
Lynnett.m.wagner@usdoj.gov
Kyle.mcwaters@usdoj.gov

For Defendants,

/s/ Melissa L. Isaak
Melissa L. Isaak
Alabama Bar Number 4872-A591
Florida Bar Number 54668
2815 Zelda Road, Suite B
Montgomery, Alabama  36106
(334) 282-8200
Melissa@protectingmen.com

/s/ George T. Pallas
George T. Pallas
2420 Coral Way
Miami, Florida  33145
(305) 856-8580
george@pallaslaw.com

/s/ Dylan G. Barket
Dylan G. Barket
Barket Lawyers
66. W. Flagler Street
7th Floor – Concorde Building
Miami, Florida  33130
(305) 373-6711
Dylan@barketlawyers.com

**Preliminary Instructions**

1.  Preliminary Instructions, Redbook 1.102 (see below)

2.  Stipulations of Fact, Redbook 1.103(a)

**Final Instructions**

3.  Notetaking by Jurors, Redbook 1.105

4.  Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

5.  Function of the Court, Redbook 2.101

6.  Function of the Jury, Redbook 2.102

7.  Jury's Recollection Controls, Redbook 2.103

8.  Judicial Notice and Stipulations, Redbook 2.104

9.  Statements of Counsel, Redbook 2.105

10. Indictment Not Evidence, Redbook 2.106

11. Burden of Proof, Redbook 2.107

12. Reasonable Doubt, Redbook 2.108

13. Direct and Circumstantial Evidence, Redbook 2.109

14. Nature of Charges Not to Be Considered, Redbook 2.110

15. Number of Witnesses, Redbook 2.111

16. Inadmissible and Stricken Evidence, Redbook 2.112 (if applicable)

17. Credibility of Witnesses, Redbook 2.200

18. Police Officer's or Law Enforcement Official's Testimony, Redbook 2.207

19. Right of Defendant Not to Testify, Redbook 2.208 OR Defendant as Witness, Redbook 2.209, as applicable

20. Count One, 18 U.S.C. § 231(a)(3) [*see* proposal below]

21. Count Two, 18 U.S.C. § 111(a)(1) [*see* proposal below]

22. Count Three, 18 U.S.C. § 1512(c)(2) [*see* proposal below]

23. Count Four, 18 U.S.C. § 1752(a)(1) [*see* proposal below]

24.    Count Five, 18 U.S.C. § 1752(a)(2) [*see* proposal below]

25.    Count Six, 18 U.S.C. § 1752(a)(4) [*see* proposal below]

26.    Count Seven, 40 U.S.C. § 5104(e)(2)(D) [*see* proposal below]

27.    Count Eight, 40 U.S.C. § 5104(e)(2)(F) [*see* proposal below]

38.    Count Nine, 40 U.S.C. § 5104(e)(2)(G) [*see* proposal below]

39.    Proof of State of Mind, Redbook 3.101

40.    Multiple Counts, Redbook 2.404

41.    Unanimity—General, Redbook 2.405

42.    Verdict Form Explanation, Redbook 2.407

43.    Redacted Documents and Tapes, Redbook 2.500 (if applicable)

44.    Exhibits During Deliberations, Redbook 2.501

45.    Selection of Foreperson, Redbook 2.502

46.    Possible Punishment Not Relevant, Redbook 2.505

47.    Instruction on Publicity, Communication, and Research, Redbook 2.508

48.    Communication Between Court and Jury During Deliberations, Redbook 2.509

49.    Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

50.    Excusing Alternate Jurors, Redbook 2.511

**Preliminary Instruction Before Trial**

**Introduction[1]**

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

**Notetaking[2]**

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with

---

[1] Source: Redbook 1.102
[2] Source: Redbook 1.105

you as you come and go and you will not be permitted to take them home with you overnight. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

### Identity of Alternates[3]

You have probably noticed that there are [fourteen (14)] of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the grand jury returned an Indictment charging the defendant with eight crimes relating to his alleged conduct on January 6, 2021.  Count One charges the defendants Gregory Richard Purdy, Jr. and Robert Turner with Civil Disorder; Count Two charges the defendants Gregory Richard Purdy, Jr. and Robert Turner with Assaulting, Resisting, or Impeding Certain Officers; Count Three charges the defendants Gregory Richard Purdy, Jr. and

---

[3] Source: Redbook 1.107

Robert Turner with Obstruction of an Official Proceeding; Count Four charges defendants Gregory Richard Purdy, Jr., Matthew Purdy and Robert Turner with Entering and Remaining in a Restricted Building or Grounds; Count Five charges the defendants Gregory Richard Purdy, Jr., Matthew Purdy and Robert Turner with Disorderly and Disruptive Conduct in a Restricted Building or Grounds; Count Five charges the defendants Gregory Richard Purdy, Jr., Matthew Purdy and Robert Turner with Disorderly and Disruptive Conduct in a Restricted Building or Grounds; Count Six charges the defendants Gregory Richard Purdy, Jr. and Robert Turner with Engaging in Physical Violence in a Restricted Building or Grounds; Count Seven charges the defendants Gregory Richard Purdy, Jr., Matthew Purdy and Robert Turner with Disorderly and Disruptive Conduct in a Capitol Building; Count Eight charges the defendants Gregory Richard Purdy, Jr. and Robert Turner with with Engaging in an Act of Violence in the Capitol Grounds or Building; and Count Nine charges the defendants Gregory Richard Purdy, Jr., Matthew Purdy and Robert Turner with Parading, Demonstrating, or Picketing in a Capitol Building.  The defendants have pleaded not guilty to all charges.

You should understand clearly that the Indictment that I just summarized is not evidence. An Indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the Indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offenses

with which he has been charged. For each count, the government must prove beyond a reasonable doubt each of the elements of the offense charged. These elements will be explained to you at the end of the trial.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant." When I mention the "government," I am referring to Assistant United States Attorneys Lynnett Wagner or Kyle McWaters who represent the United States of America. When I mention the defendant Gregory Purdy or the defense, I am referring either to the defendant Mr. Gregory Richard Purdy, Jr. or his attorneys, Melissa Isaak or Dylan George Barket.  When I mention the defendant Robert Turner or the defense, I am referring either to the defendant Mr. Robert Turner or his attorneys, Melissa Isaak or George T. Pallas.  When I mention the defendant Matthew Purdy or the

defense, I am referring either to the defendant Mr. Matthew Purdy or his attorney, Melissa Isaak.

As the first step in this trial, the government and the defense will have an opportunity to make opening statements. The defense may make an opening statement immediately after the government's opening statement or may wait until the beginning of the defense's case, or may choose not to make an opening statement at all. You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished, the defense may ask questions. This is called cross-examination. When the defense is finished, the government may have brief re-direct examination. After the government presents its evidence, the defense may present evidence, but is not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence. If the defense does put on evidence, the defense will call witnesses to the stand and ask questions on direct examination, the government will cross-examine, and the defense may have brief re-direct examination. When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case.

Then each side will have a chance to present closing arguments in support of its case. The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are not evidence in this case. They are intended only to help you understand the evidence and what each side claims the evidence shows. Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You—and only you—are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not

take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence. Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. You must not hold such objections against the lawyer who makes them or the party he or she represents. It is the lawyer's responsibility to object to evidence that they believe is not admissible.

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken.

11

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else. It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and the case is over. This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a criminal case, but nothing else. Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the

case, you should report that to me as soon as you can. Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service. You may tell those who need to know where you are, that you have been picked for a jury, and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept messages, including email and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

You must decide the facts based on the evidence presented in court and according to the legal principles about which I will instruct you. You are not permitted, during the course of the trial, to conduct any independent investigation or research about the case.

That means, for example, you cannot use the Internet to do research about the facts or the law or the people involved in the case. Research includes something even as simple or seemingly harmless as using the Internet to look up a legal term or view a satellite photo of the scene of the alleged crime.

I want to explain the reasons why you should not conduct your own investigation. All parties have a right to have the case decided only on evidence and legal rules that they know about and that they have a chance to respond to. Relying on information you get outside this courtroom is unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong. It is up to you to decide whether to credit any evidence presented in court and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.

Moreover, if any of you do your own research about the facts or the law, this may result in different jurors basing their decisions on different information. Each juror must make his or her decision based on the same evidence and under the same rules.

In some cases, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is ongoing. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your

attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

Source: Redbook 1.102

## Furnishing the Jury with a Copy of the Instructions

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

Source: Redbook 2.100

**Function of the Court**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

Source: Redbook 2.101

## Function of the Jury

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict. All people deserve fair treatment in our system of justice regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level. You should determine the facts solely from a fair consideration of the evidence. You should decide the case without prejudice, fear, sympathy, favoritism or consideration of public opinion.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

Source: Redbook 2.102

**Jury's Recollection Control**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

Source: Redbook 2.103

**Judicial Notice & Stipulations**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, [the facts of which I took judicial notice] and the facts and testimony stipulated to by the parties.

[I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. In this case, I took judicial notice of [describe fact of which the court took judicial notice]. When I take judicial notice of a particular fact, you may regard that fact as proven evidence.]

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

Source: Redbook 2.104

**Statements of Counsel**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

Source: Redbook 2.105

**Criminal Indictment Not Evidence**

A criminal Indictment is merely the formal way of accusing a person of a crime. You must not consider the Indictment as evidence of any kind—you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

Source: Redbook 2.106

## Burden of Proof—Presumption of Innocence

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the defendant not guilty of that offense.

Source: Redbook 2.107

**Reasonable Doubt**

The government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

Source: Redbook 2.108

## Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

Source: Redbook 2.109

**Nature of Charges Not to Be Considered**

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

Source: Redbook 2.110

**Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

Source: Redbook 2.111

**Inadmissible and Stricken Evidence (If Applicable)**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

Source: Redbook 2.112

**Credibility of Witnesses**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and

any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

Source: Redbook 2.200

**Police Officer's or Law Enforcement Officer's Testimony**

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer.

Source: Redbook 2.207

## Right of Defendant Not to Testify (If Applicable)

Every defendant in a criminal case has an absolute right not to testify. The defendant has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the defendant is guilty because he chose not to testify.

Source: Redbook 2.208

**Defendant as Witness (If Applicable)**

A defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In evaluating his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

Source: Redbook 2.209

**PROPOSAL OF THE UNITED STATES OF AMERICA**

**18 U.S.C. § 231 – OBSTRUCTING OFFICERS DURING A CIVIL DISORDER[4]**

(18 U.S.C. § 231(a)(3))

Count One charges the defendants Gregory Richard Purdy, Jr. and Robert Turner with obstructing law enforcement officers during a civil disorder, which is a violation of federal law.

Count One also charges the defendants Gregory Richard Purdy, Jr. and Robert Turner with attempt to commit the crime of obstructing officers during a civil disorder and aiding and abetting others to commit that offense. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

Elements

In order to find the each of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with Officer A.S. and Officer C.K.

Second, at the time of the defendant's actual or attempted act, Officer A.S. and Officer C.K. were engaged in the lawful performance of their official duties incident to and during a civil disorder.

---

[4] *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 21-22), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 15-16), *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 17), and *United States v. DaSilva*, 21-cr-564 (CJN) (ECF No. 76 at 2-3); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 22); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26); *see also United States v. Grider*, 651 F. Supp. 3d 1, 13 (D.D.C. 2022) ("[T]he Court need not find that the defendant's actions *in fact* obstructed law officer officers. Rather, the Court need only find that the defendant committed or attempted to commit an act with the *specific intent* to obstruct law enforcement officers.").

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

<u>Definitions</u>

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.[5]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[6]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United States Capitol Police.[7]

---

[5] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 21).

[6] *See* 18 U.S.C. § 232(3).

[7] *See, e.g.*, *United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage

For the United States Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[8]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[9]

---

may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out.' Webster's Third New International Dictionary 1172 (1971).").  For January 6 cases using this instruction, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23), *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26), *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9), and *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 29-30).

[8] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 19); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 30). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").

[9] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7) (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United*

Aiding and Abetting[10]

In this case, the government further alleges that defendants Gregory Richard Purdy, Jr. and Robert Turner committed the offense of obstructing officers during a civil disorder, as charged in Count One, by aiding and abetting others in committing this offense.  This is not a separate offense but merely another way in which the government alleges that each of the defendants committed this offense in Count One.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find each of the defendants guilty of obstructing officers during a civil disorder because the defendants aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed obstructing officers during a civil disorder by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstructing officers during a civil disorder was going to be committed or was being committed by others.

_States v. Griffith_, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and _United States v. Rhine_, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)); _United States v. Christensen_, 21-cr-455 (RCL) (ECF No. 72 at 9) (same).

[10] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02.  _See United States v. Fellows_, 21-cr-83 (TNM) (ECF No. 140 at 29-31); _United States v. McAbee_, 21-cr-35 (RC) (ECF No. 376, at 21-25).

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstructing officers during a civil disorder.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstructing officers during a civil disorder.

To show that each of the defendants performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may

not find the defendant guilty of obstructing officers during a civil disorder as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**

A defendant may be found guilty of the offense charged in Count One if the defendant committed the offense of obstructing officers during a civil disorder, attempted to commit the offense of obstructing officers during a civil disorder, or aided and abetted the offense of obstructing officers during a civil disorder.   Each of these three ways of committing the offense is described in the instructions that I have given you.   If you find beyond a reasonable doubt that the defendant committed the offense of obstructing officers during a civil disorder in any one of these three ways, you should find the defendant guilty of Count One and you need not consider whether the defendant committed the offense of obstructing officers during a civil disorder in the other two ways.

<u>*ALTERNATIVE INSTRUCTION PROPOSED BY DEFENDANTS*</u>

<u>*COUNT ONE - CIVIL DISORDER*</u>

<u>**ELEMENTS**</u>

*Counts One of the Indictment charges the defendants GREGORY RICHARD PURDY JR., and ROBERT TURNER, with the federal crime of Civil Disorder*

*In order to find either defendant guilty of this offense, you must find the following three elements beyond a reasonable doubt:*

*First, that the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers;*

*Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder; and*

*Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.*

*A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you should consider all of the evidence presented during this trial, including what, if anything, the defendant did or said.*

*The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more individuals, which (a) causes an immediate danger of injury to another*

*individual, (b) causes an immediate danger of damage to someone else's property, (c) results in injury to another individual, or (d) results in damage to someone else's property.*

*The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia; or wholly within the District of Columbia.*

*The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof." The term "department" includes executive departments. The Department of Homeland Security, which includes the United States Secret Service, is an executive department. The term "agency" includes any branch, department, independent establishment, commission, administration, authority, board, or bureau of the United States.*

**PROPOSAL OF THE UNITED STATES OF AMERICA**

**18 U.S.C. § 111 – ASSAULTING, RESISTING, OR IMPEDING OFFICERS[11]**

(18 U.S.C. § 111(a)(1))

Count Two of the Indictment charges the defendants Gregory Richard Purdy, Jr. and Robert Turner with assaulting, resisting, or impeding MPD Officers A. S. and Officer C. K., which is a violation of federal law.

Count Two also charges the defendants Gregory Richard Purdy, Jr. and Robert Turner with aiding and abetting others to commit the offense. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant aided and abetted the offense.

I am going to instruct you on this charge and explain the various elements that you must consider. After I give you the elements of these crimes, I will tell you in what order you should consider them.

Elements

To find each of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer A.S. and Officer C.K., officers from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

---

[11] For January 6 trials that have used similar instructions, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23 and 26); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 22).

Fourth, Officer A.S. and Officer C.K. were assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Officer A.S. or Officer C.K., or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Counts One and Three.

<u>Definitions</u>

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[12]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[13]

---

[12] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases). For a January 6 case using this definition, see *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 19).

[13] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). For other January 6 trials that have used similar instructions, see *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 30),

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[14]

<u>Lesser Included Offense - Assaulting, Resisting, or Impeding Certain Officers</u>

To find each of the defendants guilty of the lesser offense of Count Two, that is, assaulting, resisting, or impeding certain officers, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer A.S. and Officer C.K., officers from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer A.S. and Officer C.K. were assisting officers of the United States who were then engaged in the performance of their official duties.

---

*United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 14), *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 23), and *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 19-20).
[14] *United States v. Celentano*, 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 30); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 20-21).

Order of Deliberations

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of assaulting, resisting, or impeding officers, or attempting or aiding and abetting others to do so.

If you find the defendant guilty of that offense, do not go on to the lesser offense.  If you find the defendant not guilty, go on to consider whether he is guilty of assaulting, resisting, or impeding officers, attempting or aiding and abetting others to do so. And if, after making all reasonable efforts to reach a verdict on the first charge, you are not able to do so, you are allowed to consider the lesser charge.

This order will be reflected in the verdict form that I will be giving you.

Aiding and Abetting[15]

In this case, the government further alleges that defendants Gregory Richard Purdy, Jr. and Robert Turner committed assaulting officers, as charged in Count Two, by aiding and abetting others in committing this offense.  This is not a separate offense but merely another way in which the government alleges that each of the defendant committed this offense in Count Two. The aiding and abetting instruction is further defined in Count One.

In order to find each of the defendants guilty of assaulting officers because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed assaulting officers by committing each of the elements of the offense charged, as I have explained above.

---

[15] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02.  *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 29-31); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 21-25).

Second, that the defendant knew that assaulting officers was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of assaulting officers.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of assaulting officers.

<u>*ALTERNATIVE PROPOSED BY DEFENDANTS*</u>

<u>**COUNT TWO – ASSAULTING, RESISTING, OR IMPEDING CERTAIN OFFICERS**</u>

<u>**ELEMENTS**</u>

*Count Two of the Indictment charges the defendants GREGORY RICHARD PURDY JR., and ROBERT TURNER, with the federal crime of Assaulting, Resisting, or Impeding Certain Officers.  Count Two charges  GREGORY PURDY and. ROBERT TURNER for an alleged encounter with MPD Officers A. S. and Officer C. K*

*In order to find the defendants guilty of this offense, the government must prove the following five elements beyond a reasonable doubt:*

*First, that the defendants assaulted, resisted, opposed, impeded, intimidated, or interfered with MPD Officers A. S. and Officer C. K;*

*Second, that the defendants did such acts forcibly;*

*Third, that the defendants did such acts voluntarily and intentionally;*

*Fourth, Officer A.S. and Officer C.K. were assisting officers of the United States who were then engaged in the performance of their official duties.; and*

*Fifth, that the defendants made actual physical contact with and assaulted Officer A.S. or Officer C.K, or acted with the intent to commit another felony.  Regarding this element, the term "another felony" refers to the offense charged in Count Three.  This fifth element is satisfied where the acts involve physical contact with the victim of that assault or the intent to commit another felony.  You may find the defendant guilty of this offense only if you all unanimously agree that the government proved beyond a reasonable doubt that the defendant's acts involved*

47

*physical contact with the victim of the assault, if you all unanimously agree that the government proved beyond a reasonable doubt that the defendant acted with the intent to commit another felony, or if you all unanimously agree that the government proved beyond a reasonable doubt both that the defendant's acts involved physical contact with the victim of the assault and that the defendant acted with the intent to commit another felony.*

*The defendant acted "forcibly" if he used force, attempted to use force, or threatened to use force against the officer.  Physical force or contact is sufficient, but actual physical contact is not required if you find that a defendant acted with the intent to commit another felony.  In other words, if you find Mr. Gregory Purdy and Mr. Richard Turner guilty of Count Three, then, as to that particular defendant, the government is not required to prove that there was actual physical contact.  You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly.  In such case, the threat must be a present one.*

*The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to commit the assault.  A finding that one used force, or attempted or threatened to use it, is not the same as a finding that he attempted or threatened to inflict injury.  In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury on someone else.  Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.*

*The terms "resist," "oppose," "impede," "intimidate," and "interfere with" have their everyday, ordinary meanings.*

*If you find Mr. GREGORY PURDY JR. or MR. ROBERT TURNER guilty of Count Two, then proceed directly to Count Three.  However, if you find Mr. GREGORY PURDY JR., or MR. ROBERT TURNER not guilty of Count Two, you must then consider the lesser included offense of Assaulting, Resisting, or Impeding Certain Officers, as I will describe below.*

*In order to find the defendants guilty of the lesser included offense of Assaulting, Resisting, or Impeding Certain Officers, the government must prove the following four elements beyond a reasonable doubt:*

*First, that the defendants assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer A.S. and C.K.  from the Metropolitan Police Department;*

*Second, that the defendants did such acts forcibly;*

*Third, that the defendants did such acts voluntarily and intentionally; and*

*Fourth, that Officer A.S. and C.K. were assisting officers of the United States who were then engaged in the performance of their official duties.*

### *AIDING AND ABETTING*

*In this case, the government further alleges that defendants Gregory Richard Purdy, Jr. and Robert Turner committed assaulting officers, as charged in Count Two, by aiding and abetting others in committing this offense against Officers A. S. and Officer C. K.  This is not a separate offense but merely another way in which the government alleges that each of the defendant committed this offense in Count Two. The aiding and abetting instruction is further defined in Count One.*

In order to find each of the defendants guilty of assaulting Officers A. S. and Officer C. K because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed assaulting Officers A. S. and Officer C. K by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that assaulting of Officers A. S. and Officer C. K was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of assaulting of Officers A. S. and Officer C. K.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of assaulting Officers A. S. and Officer C. K.

**PROPOSAL OF THE UNITED STATES OF AMERICA**

**18 U.S.C. § 1512(c)(2) – OBSTRUCTION OF AN OFFICIAL PROCEEDING[16]**

(18 U.S.C. § 1512(c)(2))

Count Three of the Indictment charges the defendants Gregory Richard Purdy, Jr. and Robert Turner with corruptly obstructing an official proceeding, which is a violation of federal law.

Count Three also charges the defendants Gregory Richard Purdy, Jr. and Robert Turner with attempt to obstruct or impede and official proceeding and aiding and abetting others to commit that offense.  First, I will explain the elements of the substantive offense, along with its associated definitions.  Then, I will explain how to determine whether each of the defendants aided and abetted the offense.

Elements

In order to find each of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of their conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

---

[16] 18 U.S.C. § 1512(c)(2). For other January 6 trials that have used similar instructions to these, see, *e.g.*, *United States v. Robertson*, 21-cr-34 (CRC) (ECF No. 86 at 11-12), *affirmed at* 86 F.4th 355, 369 (D.C. Cir. 2023); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 28); *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 23-27); *United States v. Stedman*, 21-cr-383 (BAH) (ECF No. 69 at 5-8); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 8); *United States v. Carpenter*, 21-cr-305-JEB (ECF No. 97 at 10); and *United States v. Reffitt*, 21-cr-32 (DLF) (ECF No. 119 at 25); *United States v. Williams*, 21-cr-377 (BAH) (ECF No. 112 at 7).

Definitions

To "obstruct" or "impede" means to block, interfere with, or slow the progress of an official proceeding.

Congress's Joint Session to certify the Electoral College vote on January 6, 2021, was an "official proceeding" as that term is used in this count.[17]   The official proceeding need not be pending or about to be instituted at the time of the offense.   If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.[18]

The term "knowingly" has the same meaning described in the instructions for Count One.

To act "corruptly," the defendant must use independently unlawful means or act with an unlawful purpose, or both.[19] The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.   For

---

[17] *United States v. Fischer*, 64 F.4th 329, 342 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023) (affirming district court's holding "that congressional certification of the Electoral College count is an 'official proceeding'" for purposes of § 1512(c)(2)). *See also* 18 U.S.C. § 1515(a)(1)(B) (defining "official proceeding" to include "a proceeding before the Congress").

[18] 18 U.S.C. § 1512(f)(1) ("For the purposes of this section—(1) an official proceeding need not be pending or about to be instituted at the time of the offense").   For the nexus requirement (that the official proceeding need be reasonably foreseeable), see *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995).   For other January 6 trials that have used a similar instruction, see*, e.g.*, *United States v. Reffitt*, 21-cr-32 (DLF) (ECF No. 119 at 25-26); *United States v. Robertson*, 21-cr-34 (CRC) (ECF No. 86 at 12), *affirmed at* 86 F.4th 355 (D.C. Cir. 2023); *United States v. Thompson*, 21-cr-161 (RBW) (ECF No. 832 at 26); *United States v. Williams*, 21-cr-377 (BAH) (ECF No. 112 at 7); and *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 23).

[19] In *United States v. Robertson*, 86 F.4th 355 (D.C. Cir. 2023), the district court adopted a jury instruction that largely mirrored this proposed definition of "corruptly." *Id.* at 362. On appeal, the D.C. Circuit stated: "[T]he district court correctly informed the jury that it could find that Robertson acted 'corruptly' if the government proved that he 'use[d] [independently] unlawful means' when he obstructed, impeded, or influenced the Electoral College vote certification. . . . Defining 'corruptly' as 'wrongfully' — and treating independently unlawful conduct as 'wrongful' — provides an objective measure of culpable conduct that is straightforward to apply: A court or a jury can easily determine whether the evidence shows that a defendant took unlawful action to obstruct, impede, or influence the proceeding." *Id.* at 369.

example, a witness in a court proceeding may refuse to testify by invoking his or her constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but that person does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.[20] One way of acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person.[21]

While the defendant must act with intent to obstruct the official proceeding, this need not be their sole purpose. A defendant' unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for their conduct.[22]

---

[20] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North*, 910 F.2d 843, 883 (D.C. Cir. 1990), *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Caldwell*, 581 F. Supp. 3d 1, 19-20 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 26 (D.D.C. 2021); *United States v. Montgomery*, 578 F. Supp. 3d 54, 82 (D.D.C. 2021); *United States v. Lonich*, 23 F.4th 881, 902-03 (9th Cir. 2022).  For other January 6 trials that have used similar instructions, see*, e.g.*, *United States v. Williams*, 21-cr-377 (BAH) (ECF No. 112 at 7), *United States v. Reffitt*, 21-cr-32 (DLF) (ECF No. 119 at 25-29), and *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10).

[21] "[T]here are many ways to prove 'corruptly[,]'" *United States v. Robertson*, 86 F.4th 355, 373 n.8 (D.C. Cir. 2023); this is merely one way.  *See id.* at 374 ("Acting 'dishonestly' would be consistent with the ordinary meaning of acting 'corruptly.' . . . Likewise, a defendant's obstructive conduct may often seek to secure an unlawful benefit for himself or another, such as preventing negative testimony at a trial."). This formulation, which *Robertson* found was not required but which incorporates aspects of the lead and concurring opinions in *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023); *id.* at 352 (Walker, J., concurring), was provided in *United States v. Nordean, et al*, 21-cr-175 (TJK) (ECF No. 767 at 31-32), *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10), *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 24), *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 27), and *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 28).

[22] *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10); *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 27); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 29).

Aiding and Abetting[23] [24]

In this case, the government further alleges that defendants Gregory Richard Purdy, Jr. and Robert Turner committed obstruction of an official proceeding, as charged in Count Three, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that each of the defendants committed this offense in Count Three. The aiding and abetting instruction is defined in Count One.

In order to find each of the defendants guilty of obstruction of an official proceeding because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

**

---

[23] An aiding and abetting instruction may be given even if the indictment does not allege aiding and abetting. *See, e.g.*, *United States v. Ginyard*, 511 F.3d 203, 211 n.6 (D.C. Cir. 2008) ("An indictment need not specifically include an aiding and abetting charge because, whether specified or not, the federal statute creating liability for aiding and abetting is considered embodied in full in every federal indictment.") (cleaned up).
[24] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02. *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 29-31); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 21-25).

A defendant may be found guilty of the offense charged in Count Three if the defendant obstruction of an official proceeding, attempted to obstruction of an official proceeding, or aided and abetted obstruction of an official proceeding.  Each of these three ways of committing the offense is described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendant committed the offense of obstruction of an official proceeding in any one of these three ways, you should find the defendant guilty of Count Three, and you need not consider whether the defendant committed the offense of obstruction of an official proceeding in the other two ways.

*ALTERNATIVE PROPOSED BY DEFENDANTS*

**COUNT THREE – CORRUPTLY OBSTRUCTING OR CORRUPTLY ATTEMPTING TO OBSTRUCT AN OFFICIAL PROCEEDING OR AIDING AND ABETTING**

**ELEMENTS**

Count Three of the Indictment charges MR. GREGORY RICHARD PURDY JR, and MR. ROBERT TURNER with Corruptly Obstructing or Corruptly Attempting to Obstruct an Official Proceeding, which is a violation of federal law.  Count Three alternatively charges the defendants with aiding and abetting others to commit the crime of obstructing or attempting to obstruct an official proceeding.

In order to find MR. GREGORY RICHARD PURDY JR, or MR. ROBERT TURNER guilty of Corruptly Obstructing or Attempting to Obstruct an Official Proceeding, the government must prove each of the following four elements beyond a reasonable doubt:

First, that the defendants attempted to or did obstruct or impede an official proceeding;

Second, that the defendants intended to obstruct or impede the official proceeding;

Third, that the defendants acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding; and

Fourth, that the defendants acted corruptly.

The term "official proceeding" includes a proceeding before the United States Congress. In order to find MR. GREGORY RICHARD PURDY JR, or MR. ROBERT TURNER guilty of this offense, the government must prove beyond a reasonable doubt that the conducting of the official proceeding the defendant is accused of corruptly obstructing or attempting to disrupt was reasonably foreseeable to the defendant.  As used in Count Three of the Indictment, the term

"official proceeding" means the United States Congress's Joint Session to certify the Presidential Electoral College vote.

The term "knowingly" has the same meaning as described in the instructions for Counts One and Two.

To show that Mr. Smith acted "corruptly," the government must prove beyond a reasonable doubt that the defendant used unlawful means or had a wrongful or an unlawful purpose, or both.  The defendant must also have acted with "consciousness of the wrongdoing" of his conduct.  "Consciousness of the wrongdoing" means that MR. GREGORY RICHARD PURDY JR, or MR. ROBERT TURNER acted with an understanding or awareness that what he was doing was wrong or unlawful.

**18 U.S.C. 1752(a)(1) - ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS[25]**

(18 U.S.C. § 1752(a)(1))

Count Four of the Indictment charges the defendants Gregory Richard Purdy, Jr., Matthew Purdy, and Robert Turner with entering or remaining in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find each of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.[26]

---

[25] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 8-9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 30).

[26] Section 1752 requires proof that the defendant knew he or she acted in a restricted building or grounds without lawful authority, but does not require proof that the defendant knew the reason the area was restricted due to the presence of a U.S. Secret Service protectee. *United States v. Carnell et al.*, 23-cr-139 (BAH) (Memorandum Opinion, Feb. 15, 2024, ECF No. 98 at 10-12). "Under Section 1752, the USSS-protectee requirement in a part of the definitional subsection has no bearing on the "wrongfulness [or] innocence" of the conduct, and proof of knowledge of the USSS-protectee requirement is accordingly not required." *Id.* at 31. Several other courts in this district have similarly held that knowledge of the reason the area was restricted is not required. *See* Trial Tr. at 1199–1200, *United States v. Vo*, No. 21-cr-509 (TSC), ECF No. 130 (D.D.C. Sept. 22, 2023) (Chutkan, J.); Trial Tr. at 8, *United States v. Eicher*, No. 22-cr-38 (BAH) (D.DC. June 14, 2023) (Howell, J.); Mem. Court's Responses to Jury Questions at 4, *United States v. Rhine*, No. 21-cr-687 (RC), ECF No. 104 (D.D.C. Apr. 24, 2023) (Contreras, J.); Trial Tr. at 330–32, *United States v. Griffin*, No. 21-cr-92 (TNM), ECF No. 106 (D.D.C. Mar. 22, 2022) (McFadden, J.). To be sure, some courts in this district have come to the opposite conclusion, but those opinions did not analyze the jurisdictional aspect of the statute and came to the wrong result. *See* Verdict Tr. at 4, *United States v. Samsel*, No. 21-cr-537 (JMC) (D.D.C. Feb. 2, 2024) (Cobb, J.); *United States v. Groseclose*, No. 21-cr-311 (CRC), 2024 WL 68248, at *9 (D.D.C. Jan. 5, 2024) (Cooper, J.); *United States, v. Elizalde*, No. 23-cr-170 (CJN), 2023 WL 8354932, at *7 (D.D.C. Dec. 1, 2023) (Nichols,

<u>Definitions</u>

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President. The term "knowingly" has the same meaning described in the instructions for Count One.

---

J.); *United States v. Hostetter*, No. 21-cr-392 (RCL), 2023 WL 4539842, at *4 (D.D.C. July 13, 2023) (Lamberth, J.).

## 18 U.S.C. § 1752(a)(2) - DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING

(18 U.S.C. § 1752(a)(2))

Count Five of the Indictment charges the defendants Gregory Richard Purdy, Jr., Matthew Purdy and Robert Turner with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find each of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, their conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Definitions

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[27] Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is

---

[27] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[28]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[29]

The term "knowingly" has the same meaning described in the instructions for Count One. The terms "restricted building or grounds" has the same meaning described in the instructions for Count Four.

---

[28] *United States v. Schwartz, et al,*, 21-cr-178 (APM) (ECF No. 172 at 27); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 237-38).
[29] Redbook 6.643.

**PROPOSAL OF THE UNITED STATES OF AMERICA**

**18 U.S.C. § 1752(a)(4) - ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED BUILDING OR GROUNDS**[30]

(18 U.S.C. § 1752(a)(4))

Count Six of the Indictment charges the defendants Gregory Richard Purdy, Jr. and Robert Turner with engaging in physical violence in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find each of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

The term "knowingly" has the same meanings described in the instructions for Count One. The term "restricted building or grounds" has the same meanings described in the instructions for Count Four.

---

[30] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 30); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 34); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 40); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 18); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 40-41).

*ALTERNATIVE PROPOSED BY DEFENDANT by*
*GREGORY RICHARD PURDY, JR.*

## 18 U.S.C. § 1752(a)(4) - ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED BUILDING OR GROUNDS

Count Six of the Indictment charges the defendants with Engaging in an Act of Physical Violence in a Restricted Building or Grounds, which is a violation of federal law.

In order to find the defendants guilty of this offense, the government must prove each of the following two elements beyond a reasonable doubt:

First, that the defendants engaged in any act of physical violence against any person in any restricted building or grounds, and

Second, that the defendants did so knowingly.

_Definitions_

The term "knowingly" has the same meaning as described in the instructions for Counts One and Two.

The term "restricted building or grounds" has the same meaning as described in the instructions for Count Seven.

The term "act of physical violence" means any act involving an assault or other infliction of death or bodily harm on an individual; or threat of infliction of death or bodily harm on an individual. As to what amounts to bodily harm, the act must consist of force capable of causing physical pain or injury to another person.

## 40 U.S.C. § 5104(e)(2)(D) - DISORDERLY CONDUCT IN A CAPITOL BUILDING OR GROUNDS[31]

(40 U.S.C. § 5104(e)(2)(D))

Count Seven of the Indictment charges the defendants Gregory Richard Purdy, Jr., Matthew Purdy and Robert Turner with disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

Elements

In order to find each of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

Definitions

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia. The boundaries of the Capitol Grounds include all additions added by law after that map was recorded. The "Capitol Grounds"

---

[31] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jenkins*, 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 28); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 10-11).

includes the area depicted in Government's Exhibit [ ]. The term "House of Congress" means the United States Senate or the United States House of Representatives.

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Five. For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.[32]

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.[33]

The term "knowingly" has the same meaning described in the instructions for Count One.

---

[32] *See United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 17).

## 40 U.S.C. § 5104(e)(2)(F) - ACT OF PHYSICAL VIOLENCE AT THE CAPITOL BUILDING OR GROUNDS[34]

(40 U.S.C. § 5104(e)(2)(F))

Count Eight of the Indictment charges the defendants Gregory Richard Purdy, Jr. and Robert Turner with an act of physical violence in the Capitol Building or Grounds, which is a violation of federal law.

Elements

In order to find each of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence within the Capitol Buildings or Grounds.

Second, the defendant acted willfully and knowingly.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or involving damage to, or destruction of, real or personal property. For purposes of this offense, unlike the offense in Count Six, the threat of infliction of bodily harm is sufficient to meet this definition.

The term "knowingly" has the same meaning described in the instructions for Count One. The terms "Capitol Buildings", "Capitol Grounds" and "willfully" have the same meaning described in the instructions for Count Seven.

---

[34] *United States v. Alberts*, 21-cr-26 (CRC) (ECF No. 147 at 20); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 36); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 43), <u>*United States v. Christensen*</u>, 21-cr-455 (RCL) (ECF No. 72 at 19). *See also United States v. Jones*, 21-cr-213 (RJL) (ECF No. 75 at 9-10) (notes for bench verdict setting out elements and defining "act of physical violence" to include destruction of property).

## 40 U.S.C. § 5104(e)(2)(G) - PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING[35]

### (40 U.S.C. § 5104(e)(2)(G))

Count Nine of the Indictment charges the defendants Gregory Richard Purdy, Jr., Matthew Purdy and Robert Turner with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

Elements

In order to find each of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, the defendant acted willfully and knowingly.

Definitions

The terms "parade" and "picket" have their ordinary meanings.  The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[36]

The term "knowingly" has the same meaning described in the instructions for Count One. The terms "Capitol Buildings" and "willfully" have the same meaning described in the instructions for Count Seven.

---

[35] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 42); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 29); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 11); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 19).
[36] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 44).  *See also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

**Proof of State of Mind**

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done, omitted by the defendant, and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

Source: Redbook 3.101

**Multiple Counts—Multiple Defendants**

Each count of the indictment charges a separate offense. Moreover, each defendant is entitled to have the issue of his/her guilt as to each of the crimes for which s/he is on trial determined from his/her own conduct and from the evidence that applies to him/her as if s/he were being tried alone. You should, therefore, consider separately each offense, and the evidence which applies to it, and you should return separate verdicts as to each count of the indictment, as well as to each defendant [unless I specifically instruct you to do otherwise].

The fact that you may find any one defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment for that defendant. Nor should it influence your verdict with respect to any other defendant as to that count or any other count in the indictment. Thus, you may find any one [or more] of the defendants guilty or not guilty on any one or more counts of the indictment, and you may return different verdicts as to different defendants and as to different counts. At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any defendant on any count.


Source: Redbook 2.404

**Unanimity**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on each count must be unanimous.

Source: Redbook 2.405

**Verdict Form Explanation**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

Source: Redbook 2.407

**Redacted Exhibits (if applicable)**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

Source: Redbook 2.500

**Exhibits During Deliberations**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

You will also be provided with a laptop to view the recordings which I have admitted into evidence. You should not use the laptop for any other purpose.

Source: Redbook 2.501

**Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

Source: Redbook 2.502

**Possible Punishment Not Relevant**

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

Source: Redbook 2.505

**Cautionary Instruction on Publicity, Communication, and Research**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

Source: Redbook 2.508

**Communication Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

Source: Redbook 2.509

**Attitude and Conduct of Jurors in Deliberations**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

Source: Redbook 2.510

**Excusing Alternate Jurors**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you four leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

Source: Redbook 2.511