**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE UNITED STATES, } | |
| } | |
| *Plaintiff* } | **Case Number: 22-CR-00019-RCL** |
| } | |
| v. } | |
| } | |
| MATTHEW PURDY, } | |
| } | |
| Respondent. } | |
| } | |

## MOTION TO ADOPT and MOTION TO JOIN
## MOTION TO SEVER TRIAL

COMES NOW MATTHEW PURDY, a defendant in the above styled numbered cause, by and through undersigned counsel and submits the following Motion to Adopt and Motion to Join Motion to Sever Trial and offers as follows:

**I.        Introduction and Background**

Matthew Purdy, again, expressly adopts the Motions filed by co-defendants, and specifically iterates his support for the Motion to Sever filed on behalf of Robert Turner. While Matthew Purdy will not repeat the legal arguments made by Rob Turner, he does wish to emphasize to the Court, his position that his case will be prejudiced if not severed from his co-defendants.

Matthew Purdy is charged by indictment for acts allegedly committed at the United States Capitol Building on January 6, 2021. Along with his Brother, Gregory Purdy and his Uncle, Rob Turner, Matthew Purdy was present at a rally and later walked to the Capitol building. Other than traveling together and being in proximity to one another on January 6, there is no other connection with Matthew Purdy's actions with the actions of his co-defendants. While his co-defendants are facing felony charges, Matthew Purdy has been charged

with four misdemeanor offenses. Specifically, Matthew Purdy has been charged with the following offenses:

> 18 U.S.C. 1752(a)(1) – Entering and Remaining in a Restricted Building or Grounds;
>
> 18 U.S.C. 1752 (a)(2) – Disorderly and Disruptive Conduct in a Restricted Building or Grounds;
>
> 40 U.S.C. 5104 (e)(2)(D) – Disorderly Conduct in a Capitol Building;
>
> 40 U.S.C. 5104 (e)(2)(G) – Parading, Demonstrating or Picketing in a Capitol Building.

While Matthew Purdy adopts the arguments made by his co-defendant in his Motion to Sever Trial from his Co-Defendants, his request to sever his case reaches beyond the fact that his co-defendants are facing additional felony charges. His request to sever his trial greatly stems from the countless hours of video footage provided by the United States and the content of the videos. The vast majority of the videos do not contain the image or likeness of Matthew Purdy, and it should not be represented to or inferred that Matthew Purdy's actions or intent are revealed in any of such videos. It is apparent that, since Matthew Purdy's image and likeness is absent from the majority of the video footage, such footage is inadmissible and must be excluded as it pertains to Matthew Purdy's case. Showing a jury videos that would be both irrelevant and inadmissible in a trial solely against Matthew Purdy would greatly prejudice Matthew Purdy.

Fed. R. Crim. P. 14(a) provides:

> "If the joinder of offenses or defendants in an indictment…appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendant's trials, or provide any other relief that justice requires."

Rule 14 supports Mr. Purdy's contention that his defense will be prejudiced absent the severing of his trial from those of his co-defendants. Case law **teaches that joinder should not occur if** it results in actual prejudice. *United States v. Weaver*, 905 F.2d 1466 (11th Cir. 1990).

In the case at hand, the jury must determine whether, based upon Matthew Purdy's actions alone, he is guilty as charged. The allegations and videos containing his co-defendants, totally irrelevant to the charges against Matthew Purdy, if presented to the jury, would "result in actual prejudice because it 'had substantial and injurious effect or influence in determining the jury's verdict." *Kotteakos v. United States*, 328 U.S. 750 (1946). The mere association to his co-defendants and the allegations and evidence against them would be sufficient to cause a jury to deviate from the real issues in this case: whether or not Mr. Matthew Purdy is guilty of the misdemeanor offenses of which he is charged.

## II.     Severing Protects Substantive Rights

The Supreme Court has made it clear that severance of defendants, even if properly joined, may be necessary due to dangers of "transference of guilty from one [defendant] to another…subconsciously or otherwise, are so great that no one can really say prejudice to a substantive right has not taken place." *Kotteakos*, 328 U.S. at 750; see also *United States v. Nicely*, 922 F.2d 850, 853 (D.C. Cir. 1991) ("]T]here are definite limits to what the government can put together in a single indictment."). The dangers addressed in *Kotteakos* exist in this case. While not charged with conspiracy, there is a real and likely danger that the jury will associate each defendant with the conduct of one another especially where evidence will be presented to the jury which would only be admissible against one party.

The Supreme Court in *Zafiro* recognized different degree of culpability among joined defendants and where much of the evidence is only admissible against one party, 506 U.S. at 539; see also *United States v. Erwin*, 793 F.2d 656, 666 (5th Cir 1986) (holding severance required because "[t]he charges against [defendant] were only peripherally related to those alleged against the other [co-defendants, and] [a]s the trial progressed, it became increasingly apparent that very little of the mountain of evidence was usable against her").

For the reasons stated in his co-defendants motions with emphasis given in this motion to the prejudice he will suffer absent a severance, Defendant Matthew Purdy respectfully requests a

severance from his co-defendants as well as the exclusion of all evidence including videos, purporting to link and tie him to the actions of the other two defendants.

Respectfully submitted,

/s/Melissa L. Isaak, Esq.
Melissa L. Isaak
Alabama Bar Number:  4872-A59I
Florida Bar Number:  54668
Admitted pro hac vice
2815 Zelda Road, Suite B
Montgomery, AL 36106
334-262-8200
Melissa@ProtectingMen.com