## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | } } } | |
| Plaintiff | } } | |
| v. | } } | **Case Number: 22-CR-00019-RCL** |
| MATTHEW PURDY | } } | |
| Defendant. | } } | |

## MOTION FOR RECUSAL AND/OR DISQUALIFICATION

Defendant Matthew Purdy ("Mr. Purdy") hereby formally moves to disqualify the Honorable Royce Lamberth ("Judge Lamberth") pursuant to 28 U.S.C. § 455.[1] Judge Lamberth has displayed an extrajudicial bias and prejudice against Mr. Purdy through public statements cruelly condemning those who were present at the January 6 protests, which included Matthew Purdy, in Washington D.C. These public statements evidence a completely extrajudicially biased and prejudiced mindset against Mr. Purdy that make it impossible to receive a fair adjudication before Judge Lamberth.

### I.    LEGAL STANDARD

An impartial judiciary is a fundamental component of the system of justice in the United States. The right to a "neutral and detached judge" in any proceeding is protected by the U.S. Constitution and is an integral part of maintaining the public's confidence in the judicial system.

---

[1] Defendant Purdy's earlier Omnibus Motion was not a formal motion to recuse and/or disqualify although the court appeared to treat it as such.  The filing of this Motion for Recusal And/Or Disqualification is filed to make the record absolutely clear that Defendant Purdy is seeking such recusal and/or disqualification and also filed because Judge Royce Lamberth's conduct has only intensified.

*Ward v. City of Monroeville*, 409 U.S. 57, 61-62 (1972); *see also Marshall v. Jerrico, Inc*., 446 U.S. 238, 243 (1980) (The U.S. Constitution guarantees a party an impartial and disinterested tribunal in civil cases). To ensure that this right is protected, Congress has sought to secure the impartiality of judges by requiring them to step aside, or in some circumstances such as this one, disqualify themselves, in various circumstances, particularly where, as here, the extra-judicial bias and prejudice is so pronounced and blatant.

Under 28 U.S.C. § 455, a judge ". . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  In order to preserve the integrity of the judiciary, and to ensure that justice is carried out in each individual case, judges must adhere to high standards of conduct. *York v. United States*, 785 A.2d 651, 655 (D.C. 2001). "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned . . ." ABA Code of Judicial Conduct Canon 3(C)(1); *See also Scott v. United States*, 559 A.2d 745, 750 (D.C. 1989) (*en banc*). Disqualification or recusal is required when there is even the appearance that the court's impartiality may be called into question, and "could suggest, to an outside observer, such a 'high degree of favoritism or antagonism to defendants' position that 'fair judgment is impossible.'"  *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *See also Jackson v. Microsoft Corp.*, 135 F. Supp. 2d 38, 40 (D.D.C. 2001) (recusal was proper because the judge "ha[d] created an appearance of personal bias or prejudice").

Indeed, the "very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *United States v. Microsoft Corp*., 253 F.3d 34, 114 (D.C. Cir. 2001). As such, "violations of the Code of Conduct may give rise to a violation of § 455(a) if doubt is case on the integrity of the judicial process. *Id*.

As evidence of the absolute requirement of impartiality from judicial officers, the U.S. Courts of Appeals for the Fifth, First, Sixth, Tenth, and Eleventh Circuits have said that close questions should be decided in favor of recusal. *See Republic of Pan. v. American Tobacco Co*., 217 F.3d 343, 347 (5th Cir. 2000) (citing *In re Chevron*, 121 F.3d 163, 165 (5th Cir. 1997)); *In re United States*, 158 F.3d 26, 30 (1st Cir. 1998); *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995); *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993); *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989).

In *Litecky v. United States*, the U.S. Supreme Court held that while "judicial rulings <u>alone</u> never constitute a valid basis for a bias or partiality motion," 510 U.S. at 555 (emphasis added), if the judge succumbs to extrajudicial influence, he is subject to such a motion. Even more, in the absence of an extrajudicial influence, judicial rulings coupled with the requisite "degree of favoritism or antagonism" can serve as the basis for such a motion even "when no extrajudicial source is involved." *Id*. Lastly, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings" constitute a basis for such a motion if "they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

## II.   LEGAL ARGUMENT

Judge Lamberth has more than met the standard for disqualification and/or recusal as a result of his ultra vires public and other statements which clearly evidence extrajudicial bias and prejudice against Mr. Purdy as a J6 Defendant.[2] In a February 29, 2024 article published by

---

[2] The Court's pronouncements about the January 6 defendants is reminiscent of a case Judge Lamberth presided upon concerning the Indian Trust Fund, where the U.S. Court of Appeals for the District of Columbia Circuit removed him for the alleged prejudicial statements he had made.

Reuters titled *Judges in Trump-related cases face unprecedented wave of threats*, <u>Exhibit 1</u>,
Judge Lamberth was quoted as saying, "I could not believe how many death threats I got,"
effectively personalizing J-6 cases to his own interests. The article effectively compares January
6 protestors to "angry criminals," "drug cartels," and even "al Qaeda":

> U.S. District Judge Royce Lamberth has been threatened by angry criminals. Drug
> cartels. Even al Qaeda.

> But nothing, Lamberth says, prepared him for the wave of harassment after he
> began hearing cases against supporters of former President Donald Trump who
> attacked the U.S. Capitol in a bid to overturn the 2020 election.

> Right-wing websites painted Lamberth, appointed to the bench by Republican
> President Ronald Reagan, as part of a "deep state" conspiracy to destroy Trump
> and his followers. Calls for his execution cropped up on Trump-friendly websites.
> "Traitors get ropes," one wrote. After he issued a prison sentence to a 69-year-old
> Idaho woman who pleaded guilty to joining the Jan. 6, 2021, riot, his chambers'
> voicemail filled with death threats. One man found Lamberth's home phone
> number and called repeatedly with graphic vows to murder him.

> "I could not believe how many death threats I got," Lamberth told Reuters,
> revealing the calls to his home for the first time.
> ….

> An earlier killing offered a powerful lesson for Lamberth, the judge whose
> sentences for Jan. 6 Capitol rioters have drawn death threats. Seven months after
> he took the bench in 1987, his close friend Richard Daronco, a federal judge in
> New York, was murdered at home by the enraged father of a woman whose
> sexual discrimination suit was dismissed in Daronco's court.

> "We had never even contemplated that one of us could get killed in this job,"
> Lamberth said.

> Soon after, Lamberth, a Vietnam War veteran, received his first death threat. A
> letter to his chambers said he would be murdered if he did not free a drug dealer
> he had jailed. Marshals had briefed his family on security precautions, but they
> were nervous, Lamberth said. "We had to adjust to the fact we could be a target."

---

Peter, (July 12, 2006), D*.C. Circuit Boots Judge Royce Lamberth From Indian Case*, Wall Street
Journal, https://www.wsj.com/articles/BL-LB-1894

Another scare came after al Qaeda's September 2001 attacks. The U.S. government feared that Lamberth, then chief judge on the U.S. Foreign Intelligence Surveillance Court, might be an assassination target because he had authorized the first wiretaps on the Islamist militant group in the 1990s.

"I went everywhere with Marshals protection for a couple of years," he said.

Still, Lamberth said, he was unprepared for the sheer volume of threats he's received in connection to the Jan. 6 riot cases. Many are from people on the right enraged by the sentences he's issued, but he has also received some threats from the left. While many of them are idle, Lamberth said, the Marshals have left the judge with little doubt that some are "dangerous," and he and his family remain on constant alert.

Whenever he receives a delivery at home, he remembers what happened to Judge Salas' family in New Jersey.

**"Living this way, it does change your life,"** he said. (Emphasis Added) <u>Exhibit 1</u>.

It is clear from this published article that the January 6 cases, and the subsequent fallout, have changed Judge Lamberth's outlook on the way he conducts himself as a Judge both on the bench and in his personal life.  This article, and others referenced in this motion, demonstrate that Judge Lanbreth holds an extrajudicial bias towards those <u>accused of crimes</u> related to January 6, and he blames them as a collective group for "chang[ing]" his life negatively due to the death threats that he has received. For Judge Lamberth to publicly make these statements, it is indicative of his mindset and the approach that he takes when presiding over the prosecution of individuals such as Mr. Purdy, showing disapproval and extreme extra-judicial bias and prejudice.

This is compounded by his long pattern and practice of making such public derogatory statements, which would relate to Mr. Purdy and other January 6 protestors. Recently, when

sentencing Taylor James Johnatakis, Judge Lamberth made numerous public inflammatory

statements that evidence great extrajudicial bias and prejudice, as reported in an article by CNN[3]:

> The judge warned of a "vicious cycle … that could imperil our institutions" if Americans, upset with future election results, resort to the "vigilantism, lawlessness and anarchy" that occurred on January 6, 2021.
>
> The judge declared Wednesday that "the January 6 riot was not civil disobedience," but instead was a "corrosive" and "selfish, not patriotic" affront to the nation, where Americans were "battling (their) own representative government."
>
> The judge declared Wednesday that "the January 6 riot was not civil disobedience," but instead was a "corrosive" and "selfish, not patriotic" affront to the nation, where Americans were "battling (their) own representative government." He invoked the Rev. Martin Luther King Jr. and Henry David Thoreau as examples of historic American figures who pursued "peaceful" but powerful acts of civil disobedience.
>
> "There can be no room in our country for this sort of political violence," Lamberth said.

Other such statements which have been made publicly by Judge Lamberth include but are not

limited to:

> Quoting Washington, Lamberth wrote in his decision released Thursday that, "The very idea of the power of and the right of the people to establish government presupposes the duty of every individual to obey the established government."[4]
>
> "The Court is accustomed to defendants who refuse to accept that they did anything wrong. But in my thirty-seven years on the

---

[3] Cohen, Marshall, *Federal judge condemns 'normalization' of January 6 while sentencing defiant rioter* (April 3, 2024) CNN, https://www.cnn.com/2024/04/03/politics/trump-criticism-judge-royce-lamberth-january-6/index.html

[4] Choi, Joseph, *Federal Judge Blocks Release of Man Accused of Carrying Plastic Restraints Into Capitol During Riot*, (February 18, 2021) The Hill, https://thehill.com/homenews/state-watch/539493-federal-judge-blocks-release-of-man-accused-of-carrying-plastic/

bench, I cannot recall a time when such meritless justifications of criminal activity have gone mainstream," Lamberth said, according to his prepared remarks.[5]

…

"I have been dismayed to see distortions and outright falsehoods seep into the public consciousness," Lamberth continued before he issued a stark warning: "The Court fears that such destructive, misguided rhetoric could presage further danger to our country."

...

Lamberth then made an effort to "set the record straight, based on what I've learned presiding over many January 6 prosecutions, hearing from dozens of witnesses, watching hundreds of hours of video footage, and reading thousands of pages of evidence."

...

"On January 6, 2021, a mob of people invaded and occupied the United States Capitol, using force to interrupt the peaceful transfer of power mandated by the Constitution and our republican heritage," he said. "The rioters interfered with a necessary step in the constitutional process, disrupted the lawful transfer of power, and thus jeopardized the American constitutional order. ... This was not patriotism; it was the antithesis of patriotism."

...

Lamberth went on to say that it was "a matter of right and wrong" and that it fell to judges to say the actions of those who broke the law on Jan. 6 were wrong.

…

"The Court does not expect its remarks to fully stem the tide of falsehoods. But I hope a little truth will go a long way," he said.[6]

---

[5] Marcus, Ruth, Opinion, *A federal judge is fed up with those defending the Jan. 6 rioters*, (January 29, 2024) The Washington Post, https://www.washingtonpost.com/opinions/2024/01/29/judge-jan6-riot-insurrection-trump/
[6] Reilly, Ryan, *Reagan-Appointed Judge Warns GOP's 'preposterous' claims about Jan. 6 could pose threat*, NBC News (Jan. 25, 2024) https://www.nbcnews.com/politics/justice-department/reagan-appointed-judge-warns-gops-preposterous-claims-jan-6-pose-threa-rcna135754

"I have been shocked to watch some public figures try to rewrite history, claiming rioters behaved 'in an orderly fashion' like ordinary tourists, or martyrizing convicted Jan. 6 defendants as 'political prisoners' or even, incredibly, 'hostages,'" wrote Judge Lamberth, a 1987 appointee of President Ronald Reagan. "That is all preposterous. But the court fears that such destructive, misguided rhetoric could presage further danger to our country."

...

"Little cannot bring himself to admit that he did the wrong thing, although he came close today. So, it is up to the court to tell the public the truth: Mr. Little's actions, and the actions of others who broke the law on Jan. 6, were wrong. The court does not expect its remarks to fully stem the tide of falsehoods. But I hope a little truth will go a long way."[7]

At a hearing in DC federal court, Judge Royce Lamberth said the insurrection was a "disgrace" and forcefully rebuked the "utter nonsense" coming from some Republican lawmakers and other right-wing figures who are whitewashing what happened.[8]

Still, the judge said what happened on January 6 was "a serious crime" and a "disgrace" to the country. He praised the media for its coverage of the assault and pointed out that "much of the public remains outraged at what occurred." "This wasn't a peaceful demonstration… it wasn't an accident that it turned violent," he said.

On May 1, 2024 Judge Royce Lamberth was quoted voicing his frustration at how long lower court judges have waited to receive guidance from appellate courts on how to interpret key statutes in

---

[7] Savage, Charlie, *Republican-Appointed Judge Denounces Republican Distortions of Jan. 6, NY Times*, (Jan. 25, 2024), https://www.nytimes.com/2024/01/25/us/republican-judge-royce-lamberth-jan-6.html#:~:text=by%20the%20Numbers-,Republican%2DAppointed%20Judge%20Denounces%20Republican%20Distortions%20of%20Jan.,and%20called

[8] Cohen, Marshall, *Judge rebukes GOP for downplaying US Capitol riot as he hands out first sentence in insurrection*, CNN (June 13, 2021), https://www.cnn.com/2021/06/23/politics/capitol-rioter-sentenced/index.html

prosecutions against US Capitol "rioters."[9]  He stated, "It's been three years, we have hundreds of cases pending, and we still don't have any clear law."[10]  He further added, "It's a little frustrating for a mere district court judge to find out after we've got hundreds of cases finished what the law is," Lamberth said, before adding he should stop talking before he gets in "Trouble."[11]

Lamberth, who previously served as chief judge of the DC district court before taking a form of semi-retirement in 2013, drew attention last month when he sharply condemned political violence at the sentencing of a man who had led a charge into police officers at the Capitol riot and then posted his sentencing remarks on the public court docket.[12]

The judge said Wednesday he was motivated to speak out at that sentencing because he was "bothered" by the idea that the public may think that those convicted of misconduct during the Jan. 6 riot were peaceful political protesters.[13]

"You didn't get all the way to the top of the Capitol building without going through police lines, without going through tear gas," Lamberth said, and to paint that picture "is so misleading."[14]

"I couldn't just sit back," Lamberth said.  But he indicated his remarks at the sentencing, which were covered in news reports, had earned him some public scrutiny as well."I have to be careful where I go now, and my wife is not happy with me," Lamberth said. See Exhibit 2.

Judge Lamberth's statements showing his extrajudicial bias, prejudice and personal interests have been manifested through his conduct while presiding over this matter. His conduct has undermined public trust in judicial pronouncement and has left the Defendant with significant doubt that he is able to obtain a fair trial and this court's ability to be impartial.  Judge

---

[9] Monyak, Suzanne, *DC Trial Judge Laments 'Frustrating' Wait in Capitol Riot Cases, (May 1, 2024)*, https://news.bloomberglaw.com/us-law-week/dc-trial-judge-laments-frustrating-wait-in-capitol-riot-cases (Last visited May 26, 2024).
[10] *Id*.
[11] *Id.*
[12] Id.
[13] Id.
[14] Id.

Lamberth has interconnected the intent and defenses of the actions of the January 6 Defendants and others' as "shameless attempts…to misinterpret or misrepresent what happened" on January 6, 2021.[15] It is clear that any attempt by Defendant Matthew Purdy to explain his intentions or actions on that day will be rejected and possibly even ridiculed this Court, as the Court is already resolute in the guilt of the Defendants who were involved in the January 6 protest.

Judicial Cannon 3, titled "A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently" which includes 3(A)(6) which states as follows:

> "(6) A judge should not make public comment on the merits of a matter pending or Impending in any court.  A judge should require similar restraint by court personnel subject to the Judge's direction and control.  The prohibition on public comment on the merits does not extend to public statements made in the court of the judge's official duties, to explanations of court procedures, or to scholarly presentations made for purposes of legal education."

It is indisputable that Judge Lamberth has made public comments about the merits and defenses presented during the January 6 trials, of which are still ongoing.  He has ridiculed comments made by Republican law makers[16] who have expressed opinions contrary to his own regarding the behaviors of the protestors.  Judge Lamberth's statements show that he has already predetermined that the January 6 incident was a "serious crime" and not a "peaceful demonstration."  His statements have gone beyond remarks about the case to which he presides, rather his statements calling the Defendants who appear before his court as well as "others" "shameless attempts…to misinterpret or misrepresent what happened" on Jan. 6, 2021.[17]  Based upon information and belief, Judge Lamberth was not present at the Capitol building on January

---

[15] Weiner, Rachel, *Jan. 6 Rioter got his sentence thrown out.  Then his prison time doubled, The Washington Post,*  https://www.washingtonpost.com/dc-md-va/2024/01/25/jan-6-sentence-misdemeanor/ (last accessed on May 24, 2024),
[16] *Id.*
[17] *Id.*

6, 2021, so he cannot or should he make conclusory statements based purely upon his personal opinion outside of the evidence presented to the Court.  This predetermination has caused him to dismiss any defense regarding the intent, mindset or actions of the Defendants who appear before him and he appears to have already prejudged the Defendants who are yet to appear before him.

Further, Judge Lamberth's conduct violated Judicial Cannon 3(B)(2) and 3(B)(4) which prohibits the following:

> "(2) A judge should not direct court personnel to engage in conduct on the judge's behalf or as the judge's representative when that conduct would contravene the Code if undertaken by the Judge."

On February 3, 2020 the Judicial Assistant for Judge Royce Lamberth sent an email stating as follows:

> "Dear [REDACTED],
>
> Judge Lamberth asked that I forward you this motion filed in U.S. v. Chansley yesterday afternoon.  The Judge may be holding a hearing on this later today.
>
> Best regards,
>
> [REDACTED]
> Law Clerk to the Honorable Royce C. Lamberth
> U.S. District Court for the District of Columbia
> 333 Constitution Avenue, N.W.
> Washington, D.C. 20001"

The redacted email was sent to a redacted email address, which appeared to be forwarded to no less than a dozen people.  The email chain appears to mock Mr. Chansley, as the emails refer to the Defendant as the "Horn guy."  The email, initiated in the chambers of Judge Royce Lamberth, constitutes ex parte communication regarding an ongoing matter in which he presided. See exhibit 3.

Judicial Cannon 3(A)(3) and 3(A)(4) states as follows, in pertinent part:

> "(3) A judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity.   A judge should require similarly conduct by those subject to the judge's control, including lawyers to the extent consistent with their role in the adversary process."  Further, Cannon 3(A)(4) dictates as follows:

> "(4) A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law…"

Cannon 3(B)(4) states as follows, in pertinent part:

> "A judge should practice civility, by being patient, dignified, respectful and courteous, in dealings with court personnel, including chambers staff…"

Judge Lamberth's bias against Matthew Purdy and his codefendants was palpable in the most recent hearing. The government presented a superseding Indictment **_close to three and a half years_** after the alleged conduct, claiming that the case was "undercharged." This, after vehemently opposing any continuance of the trial by the defense in April and asserting to the Court that the case was, indeed, ready to be tried, the government added three (3) felony counts to co-defendant Greg Purdy's case. Naturally, counsel for Greg Purdy moved to dismiss the superseding indictment (seeking to go forward, as planned, on the original indictment), **_or_** sever Greg Purdy from the case so that he could prepare a defense to the additional charges **_or_** to continue the case as to all defendants.

Not only were none of the three (3) ameliorative alternatives satisfactory to Judge Lamberth, but at the scheduled arraignment of the three defendants on the superseding indictment, the Court, after arraigning Greg Purdy alone, the Court abruptly ended the hearing with five words, "motion denied, court in recess." In the Court's haste to end the hearing in this fashion, the Court neglected to have arraigned Matthew Purdy and Robert Turner on the superseding indictment.  **_Matthew Purdy and Robert Turner were never arraigned at their_**

***scheduled arraignment*** on May 9, 2024*. This is in violation of 18 U.S.C. 3161, as defendants must be arraigned at least 30 days before trial is to commence.

Later, the Court entered an order denying Greg Purdy's motion claiming that the new indictment was "based entirely on evidence long in the hands" of the defendants. Though the evidence would have been in the possession of the government for a longer period, the government's inexcusable delay in presenting it to the Grand Jury is condoned while the defense attorney's request for a reasonable delay was condemned. Further, the evidence provided by the government was not "long in the hands of the defendants" as misstated by the Court.  Much of the evidence was only provided in the spring of 2024 and the Government's interview of its witnesses was not done until after the expiration of many deadlines in this Court's scheduling order.  Other than largely providing cherry picked videos from selected outlets and camera angles and referring defense counsel to websites containing voluminous information unrelated to the Defendant's case, it was not until recently did the government disclose and identify case specific evidence.

The Court's lack of composure in the most recent hearing, coupled with the breadth of statements made by Judge Lamberth gives Matthew Purdy justifiable concern regarding the Judge's impartiality in these proceedings. Judge Lamberth's abrupt conclusion of the latest hearing did not merely demonstrate his lack of civility and patience with the Defendants and their counsel, violative of Judicial Cannon 3(A)(3) and 3(B)(4), *supra*, but in Judge Lamberth's haste, Matthew Purdy and Co-Defendant Robert Turner were denied their full right to be heard according to the law, violative of Judicial Cannon 3(A)(4), *supra*. Judge Lamberth's apparent distaste for Matthew Purdy and his codefendants, coupled with the statements made by Judge Lamberth and discussed herein leaves the Defendant with good cause to doubt his ability to obtain a fair trial and Judge Lamberth's ability to remain impartial.

The above verifiable conduct shows that Judge Lamberth's only goal is to dispose of this case and sentence Mr. Purdy and his co-Defendants to prison time without any consideration as to the severe prejudice to their due process and other rights.

## III.    CONCLUSION

ACCORDINGLY, for the reasons set forth herein, Mr. Purdy respectfully requests that Judge Lamberth recuse himself from this matter and that this matter is reassigned to a neutral and unbiased arbiter for future proceedings.

Dated: May 26, 2024                                 Respectfully Submitted,


                                                    /s/ Melissa Isaak_____
                                                    Melissa Isaak, Esq.
                                                    Isaak Law Firm
                                                    2815-B Zelda Rd
                                                    Montgomery, AL, 36106
                                                    334-770-4636
                                                    melissa@protectingmen.com
                                                    *Counsel for Matthew Purdy*


### CERTIFICATE OF SERVICE

I hereby certify that on this day, May 26, 2024, I electronically filed the foregoing with the Clerk of Court using the Court's ECF procedures. I also certify that the foregoing document is being served this day on all counsel of record through the Court's eservice procedures.

                                                    */s/ Melissa Isaak_____*


### CERTIFICATE OF COUNSEL

I hereby certify pursuant to 28 U.S.C. § 144 that the foregoing is being made in good faith.

                                                    */s/ Melissa Isaak_____*