UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **GREGORY RICHARD PURDY**, *et al.*, <br><br> *Defendants.* | Case No. 1:22-cr-19-RCL |

## MEMORANDUM ORDER

This matter comes before the Court on defendant Matthew Purdy's renewed motion for recusal. *See* 2d Recusal Mot., ECF No. 180. Defendant Robert Turner has moved to adopt this motion. ECF No. 184. Back in March, all three defendants moved for the Court's recusal. *See* 1st Recusal Mot., ECF No. 99. For the reasons given below, the Court will once more **DENY** this motion.

At an April 5 status conference, the Court denied defendants' recusal motion in a lengthy oral ruling. *See* Min. Entry Apr. 5, 2024. The Court explained that defendants had "not come close to establishing a valid basis for disqualification" based on either the appearance of bias under 28 U.S.C. § 455(a) or personal bias under § 455(b)(1). The Court noted that recusal is only very rarely warranted by what a judge has said in the course of a judicial proceeding, because "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Although defendants faulted the Court for asking hard questions of defense counsel, the Court observed that "[b]lunt language, without more, does not translate into a showing of judicial

1

bias." *United States v. Caramadre*, 807 F.3d 359, 374 (1st Cir. 2015). The Court also explained that the Court's "measured, accurate description of the facts of January 6, facts with which the Court is familiar from numerous cases" did not trigger disqualification, emphasizing that "[d]efendants do not and cannot point to any specific comments suggestive of bias toward any defendants, let alone these specific defendants." "To the contrary," the Court observed, "a number of January 6 defendants have thanked the Court for fairly handling their cases" and "[o]ne defendant even credited the Court with saving his life by intervening to protect his constitutional rights at the D.C. Jail." Finally, the Court concluded that defendants' assertion that death threats directed at the Court had adversely affected the Court's view of January 6 defendants was not substantiated by evidence and was precisely the sort of "conclusory, unsupported or tenuous allegations" that cannot warrant recusal. *See In re Kaminski*, 960 F.2d 1062, 1065 n.3 (D.C. Cir. 1992) (per curiam).

On May 27, Matthew Purdy filed a renewed motion for recusal or disqualification. Since the Court has already denied defendants' previous recusal motion, which relied on most of the same reasoning, this motion will be considered a motion for reconsideration and evaluated under that standard.[1]

The Federal Rules of Criminal Procedure do not address the legal standard applicable to motions to reconsider interlocutory decisions, but courts in this District have applied the 'as justice requires' standard under Federal Rule of Civil Procedure 54(b)." *United States v. Caldwell*, No.

---

[1] Oddly, Matthew Purdy assert that his previous motion "was not a *formal* motion to recuse and/or disqualify." 2d Recusal Mot. 1 n.1 (emphasis added). The Court is unaware of a distinction between "formal" and "informal" motions that may permit a party to renew its prior motion while evading the standard for motions for reconsideration. In any event, Matthew Purdy's attempt to downplay his previous motion fails. The previous motion invoked the disqualification statute, argued that the Court could not administer this case impartially, called for the Court to step aside from the case, and stated that in filing the motion counsel sought to "raise this seminal issue" of the Court's disqualification. 1st Recusal Mot. 4–5.

21-cr-28 (APM), 2022 WL 203456, at *1 (D.D.C. Jan. 24, 2022) (first citing *United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80 (D.D.C. 2015) and then citing *United States v. Hemingway*, 930 F. Supp. 2d 11, 12 (D.D.C. 2013)). "[A]sking 'what justice requires' amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). Bases for reconsideration include "when the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (alteration in original) (internal quotation marks and citation omitted).

Here, reconsideration is not warranted because the renewed motion mostly reiterates the reasons already rejected by the Court and any additional reasons fall short of a significant change that would justify reconsideration. The renewed motion mostly retreads the same ground as before: the Court's tough questions for defense counsel Ms. Isaak, the Court's statements relating to January 6 made in the course of prior judicial proceedings, and the Court's statements on judicial security and its own death threats. But a motion for reconsideration is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *United States v. Hassanshahi*, 145 F. Supp. 3d 75, 81 (D.D.C. 2015) (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995)).

The remaining reasons do not necessitate reconsideration. First, Matthew Purdy argues that the Court's law clerk engaged in an improper ex parte communication in a previous January 6 case involving defendant Jacob Chansley. On February 3, 2021 Mr. Chansley, who was then in

the custody of the D.C. Department of Corrections (DOC), filed an emergency motion seeking a religious dietary accommodation. Defendant's exhibit indicates that at the Court's instruction, the Court's law clerk forwarded a copy of the motion to the DOC and stated that the Court may hold a hearing that day. Ex. 3 to 2d Recusal Mot. 34, ECF No. 180-3. The Court indeed held a hearing that day. Since the U.S. Attorney did not take a position on the defendant's request for a dietary accommodation, "a representative of the DOC appeared at the hearing to defend the DOC's rejection of defendant's request." *See* ECF No. 8 at 2, *United States v. Chansley*, No. 21-cr-3 (RCL) (D.D.C. Feb. 3, 2021). The Court then *granted* the defendant's motion for dietary accommodation. Although Matthew Purdy asserts that the Court's forwarding of Mr. Chansley's motion was an improper ex parte communication, the Code of Conduct for United States Judges expressly provides that a judge may "when circumstances require it, permit ex parte communication for scheduling, administrative, or emergency purposes, but only if the ex parte communication does not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication." Judicial Conference of the United States, Code of Conduct for United States Judges, Canon 3A(4)(b) (2019). The Court's alerting DOC to the existence of Mr. Chansley's motion was clearly appropriate. And the Court is puzzled that Matthew Purdy would try to show the Court's bias against January 6 defendants by invoking the Court's ruling for a January 6 defendant, which generated public criticism that the Court was biased *in favor of* such defendants.

Second, Matthew Purdy criticizes the Court for denying defendant Gregory Purdy's request for yet another continuance in this case. *See* ECF No. 172. But as the Supreme Court has made clear, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. That is especially true for an order on a motion for a continuance, since

4

"[a] trial judge enjoys great discretion in ruling on" such a motion. *United States v. Poston*, 902 F.2d 90, 96 (D.C. Cir. 1990).

Third, Matthew Purdy asserts in passing that the Court failed to arraign him and Mr. Turner on the Superseding Indictment. Defendants were initially indicted and arraigned in January 2022. *See* Indictment, ECF No. 22; Min. Entry (Jan. 28, 2022). On May 1, 2024 the grand jury returned a superseding indictment. *See* Superseding Indictment, ECF No. 143. The Superseding Indictment added three counts against Gregory Purdy but did not add additional counts against Matthew Purdy or Robert Turner. In response, Gregory Purdy moved to continue the trial and the Court held a combined arraignment and hearing on that motion. Before the hearing, each defendant waived appearance pursuant to Federal Rule of Criminal Procedure 10(b)(2). As required by that provision, each defendant acknowledged that he had received a copy of the Superseding Indictment and that his plea was not guilty. *See* ECF Nos. 155, 157, 163.

As the Superseding Indictment did not add new charges against Matthew Purdy or Robert Turner, the Court did not see a reason to re-arraign them and they did not object at the hearing or afterward. *See United States v. Cook*, 972 F.2d 218, 222 (8th Cir. 1992) (holding that the district court did not err in denying a motion to dismiss a count of a superseding indictment for failure to arraign the defendant on that count because "[a]n arraignment is not required where the defendant has had sufficient notice of the accusation and an adequate opportunity to defend himself at trial." (citing *Garland v. Washington*, 232 U.S. 642, 645 (1914) and *United States v. Coffman*, 567 F.2d 960, 961 (10th Cir. 1977)); *cf. United States v. Reiter*, 897 F.2d 639, 644 (2d Cir. 1990) (holding that a defendant may not be tried in absentia on a superseding indictment for which he was not arraigned if the superseding indictment was not similar enough to the original indictment on which he was arraigned to apprise the defendant of the nature of the proceedings against him). At any

5

rate, no defendant has filed a motion seeking relief relating to this alleged failure. Rather, Matthew Purdy is simply seeking to leverage this alleged failure as evidence for his recusal motion. If defendants believe the Court committed a legal error, the solution is not to seek recusal but to file an appropriate motion.

The Court therefore concludes that none of the additional grounds for recusal advanced by Matthew Purdy warrant reconsideration.

For the foregoing reasons, it is hereby

**ORDERED** that Robert Turner's motion to adopt Matthew Purdy's motion is **GRANTED**; and it is further

**ORDERED** that Matthew Purdy's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Date: 5/28/24

Royce C. Lamberth
United States District Judge