**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **GREGORY RICHARD PURDY**, *et al.*, <br><br>   *Defendants.* | Case No. 1:22-cr-19-RCL |

**COURT'S FINAL VOIR DIRE**

  A.  **Instruction on Jury Selection**

  Good morning, ladies and gentlemen, and welcome to Courtroom 15. I am Judge Royce C. Lamberth, and I will be the presiding judge in this case. You have been called to this courtroom for possible selection in a criminal case entitled *United States v. Gregory Richard Purdy, Jr., Matthew Purdy, and Robert Turner*. Would you all please stand so that the Clerk can swear you in, and then we will proceed. [Oath given.]

  The purpose of jury selection is to select jurors who have no prior knowledge of the case and no bias toward either side in the case. In short, it is our aim to select a jury that will reach a verdict based solely on the evidence presented in this courtroom and the law as I instruct you. During this process, you will be introduced to the participants in the trial, and I will ask you a series of questions that the lawyers and I think will be helpful to us in selecting a fair and impartial jury. You, of course, are bound by the oath you've just taken to truthfully answer those questions.

  You all should now have a sheet of paper and a pen. Please write your juror number in the appropriate part of the sheet. I am now going to ask you a series of questions. They are all yes/no questions. If you have a "yes" answer to a particular question, please indicate that on your sheet with an "X" in the appropriate box. Don't write why you have a "yes" answer. After I read all of the

questions, I will collect your sheets. I will then call you up to the bench individually where I will ask you why you did or did not answer particular questions. We do this at the bench to preserve your privacy.

We're going to be asking what may appear to you to be some personal questions in an attempt to get your viewpoint about things, and it is important that you be entirely straightforward with us in your responses so that we may more easily select the jury for this case.

    **B.**    **Neutral Statement of the Case**

This is a criminal case entitled *United States of America v. Gregory Richard Purdy, Jr., Matthew Purdy, and Robert Turner*. It arises out of the events at the United States Capitol on January 6, 2021. The United States has alleged that Gregory Richard Purdy, Jr., Matthew Purdy, and Robert Turner committed offenses arising out of events occurring at the U.S. Capitol on January 6, 2021.

Count One charges Gregory Richard Purdy, Jr. with civil disorder. Count Two charges Gregory Richard Purdy, Jr. with forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with law enforcement officers from the Metropolitan Police Department. Count Three charges Gregory Richard Purdy, Jr. with civil disorder. Count Four charges Gregory Richard Purdy, Jr. and Robert Turner with civil disorder and aiding and abetting. Count Five charges Gregory Richard Purdy, Jr. with forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with a law enforcement officer from the Metropolitan Police Department. Count Six charges Robert Turner with forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with a law enforcement officer from the Metropolitan Police Department. Count Seven charges Gregory Richard Purdy, Jr., and Robert Turner with corruptly obstructing, influencing and impeding an official proceeding, and aiding and abetting.

Count Eight charges Gregory Richard Purdy, Jr., Matthew Purdy, and Robert Turner with knowingly entering and remaining in a restricted building and grounds. Count Nine charges Gregory

Richard Purdy, Jr., Matthew Purdy, and Robert Turner with engaging in disorderly and disruptive conduct in and within such proximity to a restricted building and grounds.

Count Ten charges Gregory Richard Purdy, Jr. and Robert Turner with knowingly engaging in physical violence in a restricted building and grounds. Count Eleven charges Gregory Richard Purdy, Jr., Matthew Purdy, and Robert Turner with willfully and knowingly engaging in disorderly and disruptive conduct within the United States Capitol Grounds and in any of the Capitol Buildings. Count Twelve charges Gregory Richard Purdy, Jr., and Robert Turner with engaging in physical violence within the United States Capitol Grounds or any of the Capitol Buildings. Count Thirteen charges Gregory Richard Purdy, Jr., Matthew Purdy, and Robert Turner with willfully and knowingly parading, demonstrating and picketing in the Unites States Capitol Building.

Gregory Richard Purdy, Jr., Matthew Purdy, and Robert Turner have pleaded not guilty to all charges.

    **C.**     **General Voir Dire Questions**

The Court will ask the following questions. It is this Court's standard practice not to allow the parties or counsel to ask any questions themselves, and the Court will hold to that practice in this case. The Court will ask the numbered questions of the whole venire during initial questioning and may ask additional questions to individual potential jurors during follow-up questioning.

1. Having now heard a brief description of the case, do you know or have you heard anything about this particular case involving these defendants?

2. Is there anything about the nature of the charges that would make it difficult for you to render a fair and impartial verdict in this case?

3. The Government in this case is represented by Assistant United States Attorneys Lynnett M. Wagner and Kyle M. McWaters. They will be assisted by paralegal Rachel Marcelin and Federal Bureau of Investigations Special Agent Michael Jeng.

    The defendant Gregory Richard Purdy, Jr. is a resident of New York state and is represented by attorney Dylan George Barket. The defendant Matthew Purdy is a resident of New York state and is represented by attorney Melissa Isaak. The defendant Robert Turner is a resident of California and is represented by attorney George T. Pallas. Do you know any of these people?

4. [The Court will read off the list of expected witnesses.] Do you know any of these witnesses?

5. Look around the gallery. Do you know or recognize any other member of the jury panel?

6. Do you recognize me, or the courtroom staff, stenographer, or my clerks?

7. The law provides that a defendant is presumed innocent. The burden is on the government to prove a defendant guilty of each element of the offense beyond a reasonable doubt. The defendant does not have to produce any evidence at trial because he is not required to prove his innocence. Nor is the defendant required to prove any fact in dispute in this case. This instruction is based on the law. This presumption continues through the trial unless and until the government proves a defendant guilty beyond a reasonable doubt. Would you have any difficulty following this principle?

8. These defendants, like every defendant in a criminal case, have the absolute right not to testify. Our constitution provides that no defendant may be compelled to testify. If a defendant elects not to testify in this case, you must not draw any inference as to his guilt from that decision. Would you have any difficulty following this principle?

9. If after you have heard all the evidence, you find that the government has proven beyond a reasonable doubt every element of a charged offense, it is your duty to find

the defendant guilty of that offense. On the other hand, if you find that the government has failed to prove any element of a charged offense beyond a reasonable doubt, you must find the defendant not guilty of that offense. Would you be reluctant or unable to carry out these duties?

10. Have you, a family member, or a close friend ever gone to law school, worked as a lawyer, or worked at a law firm in another capacity, for instance, as an investigator or paralegal? This could include in a government agency, a public defender's office, or a private law firm.

11. Have you, a member of your family, or a close friend ever worked for or with an office that handles prosecution or law enforcement? By "prosecution," I mean government agencies such as the United States Attorney's Office, a district attorney's office, or an attorney general's office. By "law enforcement," I mean any government agencies like state and local police departments, or federal agencies like the FBI, CIA, IRS, Park Police, or Homeland Security.

12. Have you, or any of your immediate family, or your close friends, ever done any work for or with any person or organization that does criminal defense work, such as the Federal Defender's Office, the Public Defender's office, defense attorneys, or a private law firm? This question also includes work as a private investigator.

13. Have you, a family member, or a close friend belonged in the past five years to any group or organization that is active in law enforcement, crime prevention, or victim support or advocacy? That could include Crime Watch, Crime Stoppers, Orange Hats, neighborhood watch groups, the Fraternal Order of Police, or other groups relating to crime or crime victims.

14. Do you, or any of your family, close friends, or household members, have a pending

application for employment with the United States Attorney's Office or any prosecutor's office; a public defender service; a law firm that does criminal defense work; or with any local, state, or federal law enforcement agency?

15. Have you, or any of your family, close friends, or household members, ever worked at a courthouse or for a court system, including as a probation or parole officer?

16. Do you have any strong opinions about either prosecutors or criminal defense attorneys, in general or in connection with January 6 cases in particular, that might affect your ability to be fair to both sides in this case?

17. Have you had an experience with law enforcement, or any person associated with or employed by a prosecutor's office or the criminal justice system, which would make it difficult for you to be a fair or impartial juror in this case?

18.  There will be testimony from police officers and other law enforcement agents in this case. I will be instructing you at the end of the trial that the testimony of a law enforcement officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because that witness is a law enforcement officer. Does anyone have such strong feelings about law enforcement – either positive or negative – that would make it difficult for you to follow that instruction?

19. Have you, a family member, or a close friend ever been arrested for, convicted of, or charged with a crime, not counting traffic offenses?

20. Have you, a family member, or a close friend ever been a victim of or witness to a crime, not counting traffic offenses?

21. Have you ever served on a jury, whether a grand jury or a trial jury, in federal, state, or DC court?

22. Let me tell you the likely schedule. Today is Monday, June 3. Following the completion of jury selection, you may hear evidence in the case every day this week, from 10:00 am to 5:00 pm each day, with a short break in the morning, a short break in the afternoon, and a lunch break from approximately 12:30 pm to 1:45 pm each day. You will likely begin deliberating by the end of this week or early next week. Once you begin deliberating, I do not know how long your deliberations will last. But you will not meet past 5:00 pm, and you will not meet on weekends. Knowing this schedule, would serving as a juror in this case be an extreme hardship to you?

23. Do you, members of your immediate family, or your close personal friends live or work in or near the U.S. Capitol?

24. Were you, a family member, or close friend, present at or near the U.S. Capitol on January 6, 2021?

25. Do you or someone you know have any direct or indirect connection to events at the U.S. Capitol on January 6, 2021? In other words, did the events of January 6 personally impact you or someone you know?

26. Did you watch the events at the U.S. Capitol on January 6, 2021 on live TV at that time?

27. Have you seen any video of what happened at the U.S. Capitol on January 6, 2021, on the news or on the Internet?

28. Have you been following the investigation of the events of January 6, 2021, at the U.S. Capitol in the news media or on the internet?

29. Did you watch any of the hearings of the "January 6" committee in the House of Representatives?

30. Have you, any family member, or close friend been employed or had any association

with the House "January 6" committee?

31. Do you have any strong feelings or opinions about the events that took place at the U.S. Capitol on January 6 that would make it difficult for you to serve as a fair and impartial juror in this case?

32. Do you have strong feelings about persons who do not accept the validity of the results of the 2020 Presidential Election that would affect your ability to be a fair and impartial juror?

33. Do you have an opinion about former President Donald Trump or people who strongly support former President Donald Trump that would make it hard for you to serve as a fair and impartial juror in a case where the defendant is such person?

34. No matter what you have heard or seen about events at the U.S. Capitol on January 6, 2021, and no matter what opinions you may have formed, can you put all of that aside and decide this case only on the evidence you receive in court, follow the law, and decide the case in a fair and impartial manner?

35. Are you able to read, speak, and understand the English language?

36. Do you have any trouble seeing or hearing?

37. Do you have trouble paying attention for long periods of time?

38. Do you have a health or physical problem that would make it difficult to serve on this jury or are you presently taking any medication that might impair your ability to sit as a juror in this case? That might include medication or physical pain that makes it difficult to sit and focus for long periods of time.

39. Do you hold any moral, social, political, philosophical, religious, or any other beliefs that would interfere with your ability to assess the facts and return a fair and impartial verdict based solely upon the evidence?

40. If you are selected as a juror in this case, I will instruct you to avoid all media coverage, including radio, television, podcasts, and social media, and not to use the internet with regard to this case for any purpose. That is, you will be forbidden from reading newspaper articles about this case, listening to radio and podcast stories about this case, watching TV news about this case, Googling this case or any of its participants, blogging or tweeting about this case, or reading or posting comments about this case on any social media sites. Do you have any reservations or concerns about your ability or willingness to follow this instruction?

41. Jurors are the sole judges of the facts. However, the jury must follow the principles of law as instructed by me. The jury may not follow some rules of law and ignore others. Even if the jury disagrees or dislikes the rules of law or does not understand the reasons for some of the rules, it is their duty to follow them. Do you have any personal beliefs that would make it difficult to follow my legal instructions, whatever they may be?

42. My final question is a "catch-all question." This asks whether there is any other reason that I haven't asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror. Is there some other reason that would make it difficult for you to sit as a fair and impartial juror in this case?